IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY B. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:03CV1203-F |
| | ) | |
| SOUTHEAST ALABAMA MEDICAL CENTER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gary B. Williams, proceeding *pro se*, brings this action against defendants Southeast Alabama Medical Center ("SAMC") and Dr. Van D. Baker, claiming that they are liable to him because Baker violated plaintiff's constitutional right to privacy and medical confidentiality by disclosing his HIV-positive status to another person without plaintiff's consent.[1]  This action is presently before the court on the motion for summary judgment filed by defendant SAMC on December 6, 2004 (Doc. # 19).  Although he was given an opportunity to respond to the motion (see Doc. #25), plaintiff has not done so.  Upon consideration of the motion, the court concludes that it is due to be granted.

**BACKGROUND**[2]

---

[1] The court has federal question and diversity jurisdiction over this action because: (1) on the face of his complaint, plaintiff asserts a federal constitutional claim; and (2) the parties are diverse and plaintiff asserts a claim for $200,000.00. 28 U.S.C. §§ 1331, 1332.

[2] As it is required to do, the court has viewed the evidence presented on the motion for summary judgment in the light most favorable to the plaintiff.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  The court considers any objections not raised to the use or admissibility of the evidence to be waived for purposes of this motion.  Davis v. Howard, 561 F.2d

The sole factual allegation in plaintiff's complaint in support of his claim against the defendants is as follows:

> [On June 6, 2003], Dr. Baker displayed my medical history HIV-Aids [status] to another person in which were seated with me in the E.R. This person did not know about my [status] until then now everyone in my [community] knows of medical health. In do violates my constitutional rights to privacy and medical confidential[ity].

(Complaint, ¶¶ 4, 5). Baker is an emergency medicine physician who provides health care services in the SAMC emergency department. (Hannah aff., ¶ 3). He is authorized to provide health care services at SAMC pursuant to the terms of a written contract entered into between SAMC and Baker on February 27, 2001. (Id. and contract attached to Hannah aff.). That contract bears a heading of "Emergency Department Independent Contractor Agreement" and provides, *inter alia*, that:

> Physician Contractor [Baker] at all times will be an independent contractor providing services pursuant to this Agreement. Physician Contractor will not represent to third-parties that Physician Contractor is an employee or agent of the Medical Center in the provision of services under this Agreement. Physician Contractor will pay in a timely manner all income taxes, FICA taxes and other taxes relating to payments made by the Medical Center pursuant to this Agreement and will be responsible for the payment of all salaries, fringe benefits, and payroll taxes of all employees of Physician Contractor.

(Contract, ¶ 13.13). The contract also states that Baker is required to maintain liability insurance at his own expense and that, as an independent contractor, he is permitted to provide emergency medical services at facilities other than SAMC when he is not scheduled to work in SAMC's emergency department. Additionally, under the terms of the contract,

---

565, 570 (5th Cir. 1977).

Baker is paid at an hourly rate for his services, does not receive any compensation for vacation time, sick time, or holiday, and is required to pay all withholding, employment, and estimated taxes with respect to amounts paid to Baker by SAMC.  (Id., ¶¶ 3.2, 3.5, 5.1, 5.4). In providing services at SAMC, Baker is free to exercise his clinical judgment in providing medical care and in communicating with patients, their families and other third parties. (Hannah aff., ¶ 5).

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.  Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case."  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of

3

proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d

923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

Defendant argues that there is no basis in the present case for holding SAMC vicariously liable for Baker's alleged conduct and that, because plaintiff has not alleged or established wrongful conduct on the part of SAMC or any employee of SAMC, it cannot be held liable on a theory of corporate negligence.  Under Alabama law, SAMC may not be held liable under a *respondeat superior* theory for Baker's actions unless Baker is an employee or agent of SAMC.  See Humana Medical Corporation of Alabama v. Traffanstedt, 597 So.2d 667, 668 (Ala. 1992).   Defendant argues that Baker is an independent contractor. If he is an independent contractor, rather than an employee or agent of the hospital, SAMC may not be held vicariously liable for his actions.  See Clark v. Allied Healthcare Products, Inc., 601 So.2d 902, 904 (Ala. 1992); Dickinson v. City of Huntsville, 822 So.2d 411, 416 (Ala. 2001); Brilliant v. Royal, 582 So.2d 512, 517 (Ala. 1991).

> In determining whether a person is an independent contractor, [the Alabama Supreme Court uses] the "right-of-control" test, and . . . consider[s] four factors: (1) direct evidence of the right or exercise of control; (2) the method of payment used; (3) whether the alleged principal had the right to terminate employment; and (4) the right to control another's time. . . . The party asserting the existence of an agency relationship has the burden of presenting sufficient evidence to provide the existence of that relationship.

Dickinson, *supra*, 822 So.2d at 416 (citations omitted).

SAMC has presented evidence that, in providing services at SAMC, Baker is free to exercise his clinical judgment in providing medical care and in communicating with patients,

5

their families and other third parties. (Hannah aff., ¶ 5).[3]  The contract between SAMC and Dr. Baker expressly provides that Baker is an independent contractor, and the method of payment is consistent with this status.  The contract's allocation of responsibility for payment of taxes and malpractice insurance premiums to Baker also suggests that his status is that of an independent contractor.  Although the contract gives the hospital the right to terminate the contract for Baker's services, that right is not inconsistent with independent contractor status.  See Brilliant, *supra*, 582 So.2d 517 ("Sterling also retained the right to terminate its contract with Dr. Royal if, for any reason, he was considered 'unacceptable' by the [Army hospital] and/or Sterling, but that right is also consistent with Dr. Royal's status as an independent contractor.").  Additionally, under the terms of the contract, Baker may perform services for hospitals other than SAMC.

Plaintiff has not responded to SAMC's motion for summary judgment and has presented no evidence demonstrating the existence of a genuine issue of material fact on the issue of whether Baker was an employee or agent of the hospital.[4]  Accordingly, the court concludes that SAMC may not be held liable under a *respondeat superior* theory.

As SAMC recognizes, even in the absence of an employment or agency relationship

---

[3] "'[B]eing subject to hospitals' rules as a condition of staff privileges doe *not* remotely make a private physician an employee of that hospital.'" Brilliant, 582 So.2d at 516 (quoting Lilly v. Fieldstone, 876 F.2d 857 (10th Cir. 1989)).

[4] The fact that the parties, by agreement, characterized Baker as an independent contractor is not dispositive of the issue of whether he was nevertheless SAMC's agent. See Briggins v. Shelby Medical Center, 585 So.2d 912 (Ala. 1991).  However, plaintiff bears the burden of establishing agency. Dickinson, *supra*.  He has not produced evidence demonstrating that SAMC retained or exercised sufficient control over Baker's actions to render him SAMC's agent.

6

with Baker, it may be held liable under the theory of "corporate negligence" for the consequences of Baker's actions if SAMC was itself negligent. Traffanstedt, *supra*. Under this theory, "'[t]he liability of the hospital is based on its independent negligence in appointing to its medical staff a physician who is incompetent or otherwise unfit, or in failing to properly supervise members of its medical staff.'" Id., 597 So.2d at 669 (citation omitted). However, to prevail on such a theory, plaintiff must prove more than a single instance of wrongful conduct on the part of Baker. Plaintiff must demonstrate that SAMC was negligent in granting Baker staff privileges or in monitoring him. See Clark, *supra.* Plaintiff makes no allegation of such negligence on the part of SAMC and has produced no evidence that SAMC was negligent. Accordingly, SAMC is entitled to summary judgment on plaintiff's state law claim.

As noted previously, plaintiff asserts that defendants violated his "constitutional rights to privacy." (Complaint, ¶ 5). Assuming that plaintiff could establish the state action necessary to support a § 1983 claim, he has not produced any evidence demonstrating a basis for imposing liability on SAMC.[5] Thus, to the extent the complaint states a federal constitutional claim, defendant is entitled to summary judgment.

## CONCLUSION

---

[5] See Cook v. Sheriff of Monroe County, Florida, 2005 WL 552483, *16 (11th Cir. Mar. 10, 2005)(no *respondeat superior* or vicarious liability under §1983); Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004)(same; supervisory liability occurs only when "'the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.'")(citation omitted).

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant SAMC's motion for summary judgment (Doc. # 19) be GRANTED, and that plaintiff's claims against SAMC be DISMISSED with prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to the said Recommendation on or before **April 26. 2005.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE