IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY B. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:03CV1203-F |
| | ) | WO |
| SOUTHEAST ALABAMA MEDICAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 29, 2004, defendant Baker filed a motion to compel, asserting that plaintiff had failed to respond to his discovery requests. (Doc. #17). By order entered December 1, 2004, the court directed plaintiff to respond to the requests for discovery on or before December 6, 2004, and cautioned plaintiff that his failure to do so might result in dismissal of this action. (Doc. # 18). On December 10, 2004, defendant filed a motion seeking dismissal of plaintiff's claims against him as a discovery sanction pursuant to Fed. R. Civ. P. 37(b), and stating that plaintiff had not yet provided responses to the discovery requests. (Doc. # 21). On December 13, 2004, the court entered an order directing plaintiff to show cause, on or before December 28, 2004, why the motion to dismiss should not be granted. The court again advised the plaintiff that his failure to comply with the order may result in dismissal of this action. (Doc. # 24). Plaintiff did not respond to the show cause order. However, on December 14, 2004, plaintiff filed an answer to a request for production of documents with the Clerk of the Court. This document was returned to the plaintiff on

December 15, 2004 with a letter from the Clerk explaining that it is not necessary to file discovery with the court. (Doc. # 26).

In view of plaintiff's *pro se* status and his apparent attempt to respond to discovery, the court entered an order on April 8, 2005 allowing plaintiff another opportunity to respond to defendant Baker's motion to dismiss. Plaintiff was directed to include within his response: (1) an explanation for his failure to comply with the court's order directing him to respond to defendant's discovery requests on or before December 6, 2004; and (2) a statement indicating whether plaintiff had responded to defendant Baker's discovery requests and, if so, when he provided those responses to defendant's attorney. Plaintiff was once again cautioned that his failure to comply with the order may result in dismissal of this action. (Doc. # 27). Plaintiff has not responded to this order within the time allowed by the court.[1]

The Federal Rules of Civil Procedure allow the court to impose sanctions for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). "The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

> The trial court's discretion regarding discovery sanctions is not unbridled. Pesaplastic, C.A., v. Cincinnati Milacron Co., 799 F.2d 1510, 1519 (11th Cir.1986). [The Eleventh Circuit has] consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme

---

[1] Plaintiff has also failed to respond to the defendants' motions for summary judgment. His responses to those motions were due by January 7, 2005.

> circumstances and as a last resort. <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1542 (11th Cir.) cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); <u>Ford v. Fogarty Van Lines, Inc.</u>, 780 F.2d 1582, 1583 (11th Cir.1986); <u>State Exchange Bank v. Hartline</u>, 693 F.2d 1350, 1352 (11th Cir.1982).
>
> Dismissal is warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders. <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1556 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986).

<u>Wouters v. Martin County, Fla.</u>, 9 F.3d 924, 933-34 (11th Cir. 1993).

Plaintiff has not filed any response to Baker's motion to dismiss, and he has not provided the court with an explanation for his failure to respond to Baker's discovery requests as ordered by the court. Although he was directed to do so, plaintiff has also failed to advise the court regarding whether he has at any time responded to the discovery requests. In addition to failing to comply with the initial order directing that he respond to discovery, he has since twice disregarded the court's orders to respond to the present motion to dismiss. (Docs. ## 24, 27). The court concludes that plaintiff has engaged in a clear pattern of disregarding the orders of this court. Plaintiff was advised that this action may be dismissed if he failed to comply with the order directing discovery (Doc. # 18). He was twice cautioned that his failure to respond to the motion to dismiss as ordered by the court may result in dismissal of this action. (Docs. ## 24, 27).

Plaintiff's failure to comply with these orders after being advised of the consequences demonstrates that his noncompliance with the discovery order was willful and presents extreme circumstances warranting dismissal. The court concludes that a dismissal without

3

prejudice is the least severe sanction that will remedy plaintiff's inaction in the present case.

The court has contemplated lesser sanctions, and concludes that there are no lesser sanctions that would suffice. Plaintiff proceeds *in forma pauperis* in this action and it appears from the affidavit filed with his motion to proceed *in forma pauperis* that plaintiff would be unable to pay any monetary sanction imposed by the court. Further, defendant should not be required to litigate this action without obtaining the requested discovery from plaintiff. Finally, it appears from plaintiff's disregard of these orders and his failure to respond to the motions for summary judgment that plaintiff has ceased to participate in this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 21) be GRANTED and that the present action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 37(b) and 41(b).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before **May 11, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 28th day of April, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE